# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EZEQUIEL CASTELAN-GRANADOS, also known as Ezequiel Granados-Castelon, also known as Alfredo Macias Aviles,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CR-80-4

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ezequiel Castelan-Granados appeals following the district court's revocation of his supervised release. First, he argues that the district court exceeded its authority by reimposing the outstanding balance of the mandatory $100 special assessment, and he requests that the revocation order be amended to delete the reimposition of the assessment. However, the record

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shows that the assessment has been paid. Accordingly, his challenge to the reimposition of the special assessment is DISMISSED AS MOOT.

Next, Castelan-Granados argues that the lifetime term of supervised release is improper because it is grounded in the district court's desire to impose a just punishment. Because this claim was not presented to the district court, it is reviewed for plain error. *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

There is no clear or obvious error, as review of the hearing transcript does not clearly show that the district court's choice of a lifetime term of supervised release was driven by the desire to impose just punishment. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Miller*, 634 F.3d 841, 844 (5th Cir. 2011). Instead, this review supports a conclusion that the sentence was chosen based on the district court's opinion that it was warranted by Castelan-Granados's history and characteristics, and the need for deterrence. These are proper bases for a revocation sentence. *See* 18 U.S.C. § 3583(e). His sentence is AFFIRMED.